UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    JENNIFER A. CATANIA                        08-13478 B

                  Debtor                        <u>DECISION & ORDER</u>
------------------------------------------------------

                                        Thomas J. Gaffney, Esq.
                                        80 West Huron Street
                                        Buffalo, New York 14202
                                        Trustee and Attorney for the Trustee

                                        Edward J. Dinki, Esq.
                                        12364 Main Road
                                        P.O. Box 176
                                        Akron, New York 14001
                                        Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

     Pursuant to 11 U.S.C. § 521(i), the chapter 7 trustee has moved for the entry of an order that dismisses this case due to a failure to file all of the payment advices that the debtor received during the 60 days prior to the filing of her bankruptcy petition. The central issue of this dispute is whether the court possesses discretion to excuse an inadequate filing, even in circumstances where equitable considerations might suggest that the case be allowed to continue.

     Section 521 of the Bankruptcy Code defines the duties of a debtor. In particular, subdivision (a)(1)(B)(iv) states that "unless the court orders otherwise," the debtor shall file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." In furtherance of the enforcement of this duty, subdivision (i)(1) of section 521 provides, subject to exceptions not directly relevant, that "if an individual debtor in a voluntary case

under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

Jennifer A. Catania filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 7, 2008.  On that same date, she also filed copies of the payment advices that she had received on June 12, June 19, June 26 and July 3 of 2008.  Unfortunately, this filing did not include any payment advices for the weeks between July 3 and August 7.  In an attempt to correct this mistake, the debtor's attorney filed a second set of payment advices on September 9, 2008.  Counsel represents that he intended to complete an electronic filing of the missing pay stubs.  Instead, he mistakenly re-filed the same incomplete set of advices that he had filed on August 7.  Consequently, on the 46th day after commencement of this case, the debtor still had not submitted all of the required wage information.  Based on this deficiency, the trustee then filed the present motion seeking an order dismissing the debtor's bankruptcy petition.

The debtor's counsel argues that he attempted in good faith to submit a timely and complete set of payment advices, that he immediately provided the missing information as soon as he had learned about his mistake, that the missing advices contain no information that could possibly affect the course of case administration, and that dismissal would serve no meritorious purpose.  Rather, dismissal would merely compel the needless exercise of filing a new bankruptcy petition, all at additional cost and the imposition of administrative burdens upon the bankruptcy system.  In response, the trustee states that the Bankruptcy Code speaks for itself, and that his motion merely fulfills his responsibility to enforce a clear statutory mandate.

This court simply enjoys no discretion but to follow the direction of Congress.  In the instant case, no order has otherwise modified the filing duties of the debtor, as set forth in 11 U.S.C. §521(a).  In particular, throughout the 45 days immediately following the

commencement of this bankruptcy proceeding, the debtor remained obligated to file all of the payment advices given to her during the 60 days prior to bankruptcy. When the debtor failed to provide at least some of the information in those payment advices, the case was automatically dismissed as of the 46th day following its commencement. Accordingly, pursuant to 11 U.S.C. §521(i)(2), the court must honor the trustee's request for entry of an order dismissing this case.

As applied in particular instances, section 521(i) of the Bankruptcy Code will produce results that strictly penalize debtors who would otherwise deserve a discharge. These consequences are not unavoidable, however, because the statute allows a window of 45 days to verify and to correct the submission of all mandated information. For this reason, despite sympathy for the arguments of debtor's counsel, we find nothing unconscionable about the approach that Congress has chosen to adopt.

Section 521(a)(1)(B) states that the debtor shall make the required filings "unless the court orders otherwise." In appropriate circumstances, the court can waive the obligation to submit payment advices and thereby avoid a subsequent dismissal of the case. *See, e.g., In re Ackerman*, 374 B.R. 65 (Bankr. W.D.N.Y. 2007). However, this outcome requires that the moving party seek a waiver prior to the effective date of an automatic dismissal. In the present instance, even if the court were to treat the debtor's response as a motion to waive the duty to file payment advices, that request would have been made more than 45 days after the commencement of bankruptcy. Accordingly, the instant case has already been dismissed automatically by operation of section 521(i)(1), so that the trustee's motion essentially seeks only to memorialize that outcome. It is simply now too late to waive the duty to file payment advices or to avoid the dismissal that has now followed from the failure to complete that filing.

Under section 521(i), dismissal follows not from the failure to file payment advices, but from the failure to file "all of the information required." The debtor makes no

argument, however, that other filed documents have duplicated the information in the missing pay stubs.  The present case differs, therefore, from *In re Wojda*, 371 B.R. 656 (Bankr. W.D.N.Y. 2007), where the information in a missing payment advice was readily derived from "year to date" information in a subsequent statement.  Nor has the debtor provided any basis for a finding that the required information was somehow constructively filed or that the trustee should be estopped from seeking an order of dismissal.

The court does not doubt the debtor's intent to file all of the required payment advices.  Unfortunately, the statute requires something more, namely the filing of the information that the missing payment advices would have contained.  Because that information was still unfiled on the 46th day after bankruptcy, the court must grant the trustee's motion for an order dismissing this case.

So Ordered.

Dated:	Buffalo, New York	/s/	CARL L. BUCKI
	December 10, 2008	Chief U.S.B.J., W.D.N.Y.